Case vacated and remanded by Supreme
Court order filed 2/23/01

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                      No. 99-4943

PATRICK FURMAN BROWN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Dennis W. Shedd, District Judge.
(CR-98-282-DWS)

Submitted: June 27, 2000

Decided: July 27, 2000

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark R. Calhoun, Sr., LAW OFFICE OF MARK R. CALHOUN,
Lexington, South Carolina, for Appellant. J. Rene Josey, United
States Attorney, Scarlett Wilson, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Patrick Furman Brown of conspiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C.A. § 846 (West 1999); three counts of distribution and possession with intent to distribute crack, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000). The court sentenced him to life imprisonment on the conspiracy count, to 480-month concurrent terms on the distribution counts, and to a consecutive sixty-month term on the § 924(c) charge. Brown appeals his sentence, asserting that the district court erred sentencing him to life imprisonment on the conspiracy count. We affirm.

At sentencing, the district court applied the cross-reference in U.S. Sentencing Guidelines Manual § 2D1.1(d)(1) (1998), to the first-degree murder guideline, USSG § 2A1.1, finding that Brown shot Henry Blackwell with premeditation. We review the district court's legal determinations de novo and its findings of fact for clear error. See United States v. Dawkins, 202 F.3d 711, 714 (4th Cir.), cert. denied, ___ U.S. ___, 68 U.S.L.W. 3712 (U.S. May 15, 2000) (No. 99-9011). "If the court's findings may rationally be said to be supported by a preponderance of the evidence, they may not be disturbed on appeal." United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997).

Our review of the record leads us to conclude that the government established, by a preponderance of the evidence, that the killing was premeditated. See United States v. Downs, 56 F.3d 973, 975 (8th Cir. 1995) (discussing circumstances courts consider in deciding whether murder was premeditated) (citing United States v. Blue Thunder, 604 F.2d 550, 553 (8th Cir. 1979)). Testimony at sentencing disclosed that Brown engaged in some planning activity. He left the house from which he sold crack carrying a loaded gun to confront a group of men who he believed were interfering with his drug business. Although Brown was calm as he approached the group, he informed them--in no uncertain terms--that he controlled the drug business on Ashley

2

Avenue. After Brown and Blackwell, the victim, exchanged verbal barbs and a few punches and shoves, Brown pulled his gun, walked up to Blackwell, held the gun two inches from Blackwell's chest, fired, and walked away.

Although Brown asserts that there was no evidence presented to prove that he intended to kill anyone when he approached the group, "no particular period of time is necessary for . . . deliberation and pre-meditation." United States v. Shaw, 701 F.2d 367, 392 (5th Cir. 1983) (citing Blue Thunder, 604 F.2d at 553). Here, Brown had the opportunity after the shoving match to give his actions a second thought. See United States v. Brown, 518 F.2d 821, 828 (7th Cir. 1975). Instead, Brown walked up to Blackwell and shot him in the chest at point-blank range.

Because the facts and circumstances surrounding Blackwell's murder establish premeditation by a preponderance of the evidence, the district court did not err in applying the cross-reference to the first-degree murder guideline and sentencing Brown to life imprisonment. We therefore affirm Brown's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3